UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIGIT BERTHOUD PROKIS,

Plaintiff,

v.

UNITED STATES OF AMERICA; BEEHIVE
TRUCKING CO. LLC, a foreign company; US
FREIGHT DELIVERY, LLC, a foreign
company; RAUAN DUISEBAYEV and JANE
DOE DUISEBAYEV, individually and the
marital community composed thereof,

Defendants.

NO. 2:24-cv-00617-JHC

**ORDER**

**I**

**INTRODUCTION**

This matter comes before the Court on Defendants Beehive Trucking Co., LLC, US

Freight Delivery, LLC, Rauan and Jane Doe Duisebayev's (Moving Defendants') Motion

for Summary Judgment.  Dkt. # 39.  The Court has considered the materials filed in support

of and in opposition to the motion, the rest of the file, and the governing law.  Long story

short: general disputes as to material fact preclude summary judgment here.  For this reason,

which is more fully discussed below, the Court DENIES the motion.

ORDER - 1

## II

### DISCUSSION

A.    Summary Judgment Standards

Summary judgment is warranted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make an adequate showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial when the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); Fed. R. Civ. P. 56(e).  Underlying facts are viewed in the light most favorable to the non-moving party.  *Matsushita*, 475 U.S. at 587.

B.    Breach[1]

There is more than one of item of evidence indicating that, at the time of the first collision at issue, the Moving Defendants' tractor-trailer was not fully parked on the right shoulder and out of the lane of travel.  The Defendant United States' driver Thomas Arnold testified that the "trailer had not been pulled all the way out of the lane of travel."  Dkt. # 43-6 at 11.  He also testified that the trailer was blocking "30 percent" of the lane.  Dkt. # 45-2 at 6.  Also, the report of the Moving Defendants' expert Craig Luker states, "The location of the tire mark and the impact orientation indicated the Amazon trailer was

---

[1] The parties do not appear to dispute the elements of the negligence claim here.

ORDER - 2

extending about 5 feet into the right travel lane at the time of impact[.]"  Dkt. # 45-4 at 3. And the report of Plaintiff's expert Lew Grill states that moving "Defendant Duisebayev intentionally took away space for other road users, essentially becoming a 'sitting duck' for any person behind him."  Dkt. # 43-3 at 30.  It also says, "It is a well-known and commonly held belief that parking on the shoulder of the road or worse, in the traveled portion of the road, is a dangerous and extreme deviation from the standards of care expected of well-trained, experienced, safe, prudent, reasonable CMV operators."  *Id.*  Viewing these facts in the light most favorable to Plaintiff and Defendant United States, the Court concludes that there is a material issue of fact as to whether the Moving Defendants breached a duty. Given this conclusion, the Court need not address whether the Moving Defendants breached a duty in another way; for example, with respect to reflective triangles or hazard lights.

C.      Causation

        1.      Cause-in-Fact

        The Moving Defendants say that "the subject collision would have occurred even if Mr. Duisebayev and/or his vehicle were absent."  Dkt. # 39 at 16.  This argument strikes the Court as quite a stretch.  After all, it is undisputed that certain evidence shows that the vehicle in which Plaintiff was travelling collided with the United States' vehicle (which had already collided with the Moving Defendants' vehicle), and then collided with the Moving Defendants' vehicle.  And as discussed above, certain evidence shows that, before the first collision, the Moving Defendants' vehicle was partially blocking the lane of travel.  In any event, viewing those facts, and the rest of the record, in the light most favorable to Plaintiff and Defendant United States, there is an issue of fact as to whether this obstruction was a cause of the first collision.

//

ORDER - 3

2.      Legal Causation.

The Moving Defendants' argument regarding legal causation does not persuade the Court. The Washington Supreme Court has described the doctrine as follows:

> Legal causation involves a determination of whether liability *should* attach as a matter of law given the existence of cause in fact. Courts evaluate whether the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability. Legal causation is grounded in policy determinations as to how far the consequences of a defendant's acts should extend. Courts weigh mixed considerations of logic, common sense, justice, policy, and precedent.

*M.N. v. Multicare Health Sys., Inc.*, 2 Wn.3d 655, 663-64 (2024) (citations and quotations omitted). Certain evidence shows that the Defendant United States' vehicle collided with the Moving Defendants' vehicle, and then the vehicle in which Plaintiff was travelling collided with both the other vehicles; the Court does not see any remoteness in this concatenation to dismiss this case on legal causation grounds.

## III

### CONCLUSION

For the foregoing reasons, the Court DENIES the motion.

DATED this 7th day of April, 2026.


_____
John H. Chun
United States District Judge

ORDER - 4